AO 245I (Rev. 12/07) Judgment in a Criminal Case for a Petty Offense
Sheet 1   Revised by WAED - 03/10

# UNITED STATES DISTRICT COURT
## Eastern District of Washington

| UNITED STATES OF AMERICA | Judgment in a Criminal Case |
| --- | --- |
| v. | (For a Petty Offense) |
| John J. Pence | Case No.  2:09-po-00004-CI |
| | USM No.  Unassigned |
| | Kimberly A. Deater |
| | Defendant's Attorney |

**THE DEFENDANT:**

☑ **THE DEFENDANT** pleaded  ☑ guilty  ☐ nolo contendere to count(s) __1 & 3 of the superseding indictment__

☐ **THE DEFENDANT** was found guilty on count(s) _____

The defendant is adjudicated guilty of these offenses:

| Title & Section | Nature of Offense | Offense Ended | Count |
| --- | --- | --- | --- |
| 36 C.F.R. 261.3(a) | Threatening, Resisting, Intimidating or Interfering with a Forest Officer | 09/22/2008 | 1 |
| 36 C.F.R. 261.10(l) | Violation of Permit Condition | 09/22/2008 | 3 |

The defendant is sentenced as provided in pages 2 through __5__ of this judgment.

☐ **THE DEFENDANT** was found not guilty on count(s) _____

☑ Count(s) __2__   ☑ is   ☐ are   dismissed on the motion of the United States.

It is ordered that the defendant must notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States attorney of material changes in economic circumstances.

Last Four Digits of Defendant's Soc. Sec. No.: __6162__

Defendant's Year of Birth: __1956__

City and State of Defendant's Residence:
Omak, WA

10/20/2011
Date of Imposition of Judgment

Signature of Judge

Cynthia Imbrogno   Magistrate Judge, U.S. District Court
Name and Title of Judge

Oct. 26, 2010
Date

AO 2451   (Rev. 12/07) Judgment in a Criminal Case for a Petty Offense
         Sheet 3 — Criminal Monetary Penalties

Judgment — Page   2   of   5

DEFENDANT: John J. Pence
CASE NUMBER: 2:09-po-00004-CI

## CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties under the schedule of payments on Sheet 6.

|  | **Assessment** | **Fine** | **Restitution** |
|---|---|---|---|
| **TOTALS** | $20.00 | $0.00 | $0.00 |

☐ The determination of restitution is deferred until _____. An *Amended Judgment in a Criminal Case* (AO 245C) will be entered after such determination.

☐ The defendant must make restitution (including community restitution) to the following payees in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid before the United States is paid.

| **Name of Payee** | **Total Loss*** | **Restitution Ordered** | **Priority or Percentage** |
|---|---|---|---|

**TOTALS**   $ _____ 0.00   $ _____ 0.00

☐ Restitution amount ordered pursuant to plea agreement   $ _____

☐ The defendant must pay interest on restitution and a fine of more than $2,500, unless the restitution or fine is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet 6 may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

☐ The court determined that the defendant does not have the ability to pay interest and it is ordered that:

   ☐ the interest requirement is waived for the   ☐ fine   ☐ restitution.

   ☐ the interest requirement for the   ☐ fine   ☐ restitution is modified as follows:

* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

AO 245I  (Rev. 12/07) Judgment in a Criminal Case for a Petty Offense
         Sheet 4 — Schedule of Payments

DEFENDANT: John J. Pence  
CASE NUMBER: 2:09-po-00004-CI

Judgment — Page __3__ of __5__

## SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties are due as follows:

A  ☑ Lump sum payment of $ __20.00__ due immediately, balance due

    ☐ not later than _____ , or  
    ☐ in accordance with  ☐ C,  ☐ D,  ☐ E, or  ☐ F below); or

B  ☐ Payment to begin immediately (may be combined with  ☐ C,  ☐ D, or  ☐ F below); or

C  ☐ Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $ _____ over a period of _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after the date of this judgment; or

D  ☐ Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $ _____ over a period of _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after release from imprisonment to a term of supervision; or

E  ☐ Payment during the term of probation will commence within _____ (e.g., 30 or 60 days) after release from imprisonment. The court will set the payment plan based on an assessment of the defendant's ability to pay at that time; or

F  ☐ Special instructions regarding the payment of criminal monetary penalties:

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is be due during the period of imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

☐ Joint and Several

    Defendant and Co-Defendant Names, Case Numbers (including defendant number), Total Amount, Joint and Several Amount, and corresponding payee, if appropriate.

☐ The defendant shall pay the cost of prosecution.

☐ The defendant shall pay the following court cost(s):

☐ The defendant shall forfeit the defendant's interest in the following property to the United States:

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) fine interest, (6) community restitution, (7) penalties, and (8) costs, including cost of prosecution and court costs.

AO 245I   (Rev. 12/07) Judgment in a Criminal Case for a Petty Offense
         Sheet 5 - Probation

---

DEFENDANT: John J. Pence
CASE NUMBER: 2:09-po-00004-CI

Judgment—Page 4 of 5

## PROBATION

The defendant is hereby sentenced to probation for a term of :   1 year(s)

The defendant shall not commit another federal, state or local crime.

The defendant shall not unlawfully possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of placement on probation and at least two periodic drug tests thereafter, as determined by the court.

- [x] The above drug testing condition is suspended, based on the court's determination that the defendant poses a low risk of future substance abuse. *(Check, if applicable.)*
- [ ] The defendant shall not possess a firearm, ammunition, destructive device, or any other dangerous weapon. *(Check, if applicable.)*
- [ ] The defendant shall cooperate in the collection of DNA as directed by the probation officer. *(Check, if applicable.)*
- [ ] The defendant shall comply with the requirements of the Sex Offender Registration and Notification Act (42 U.S.C. § 16901, *et seq.*) as directed by the probation officer, the Bureau of Prisons, or any state sex offender registration agency in which he or she resides, works, is a student, or was convicted of a qualifying offense. *(Check, if applicable.)*
- [ ] The defendant shall participate in an approved program for domestic violence. *(Check, if applicable.)*

If this judgment imposes a fine or restitution, it is a condition of probation that the defendant pay in accordance with the Schedule of Payments sheet of this judgment.

The defendant must comply with the standard conditions that have been adopted by this court as well as with any additional conditions on the attached page.

## STANDARD CONDITIONS OF SUPERVISION

1) the defendant shall report to the probation officer within the first five days of each month by telephone;
2) the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;
3) the defendant shall meet family responsibilities;
4) the defendant shall notify the probation officer at least ten days prior to any change in residence or employment;
5) the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;
6) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;
7) the defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer;
8) the defendant shall permit a probation officer to visit him at any reasonable time at home or elsewhere and shall permitt confiscation of any contraband observed in plain view of the probation officer;
9) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;
10) the defendant shall not enter into any agreem ent to act as an informer or a special agent of a law enforcem ent agency without the permission of the court; and
11) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

Judgment — Page 5 of 5

DEFENDANT: John J. Pence
CASE NUMBER: 2:09-po-00004-CI

## SPECIAL CONDITIONS OF SUPERVISION

12. the defendant is not allowed to cut firewood while on Probation.

13. the defendant shall complete 50 hours of community service work, at the rate of not less than 8 hours per month at a not-for-profit site approved in advance by the supervising probation officer. The hours are to be completed in full no later than January 1, 2012.

14. the defendant shall have no contact with Jill Vugteveen in person, by letter or other communication devices, audio or visual devices, or through a third party, unless authorized by the supervising officer. Not allowed to enter the premises or loiter within 1,000 feet of Jill Vugteveen's residence or place of employment.